UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| TERRILL A. BIRD #397960, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-278 |
| ) | |
| v. ) | HON. R. ALLAN EDGAR |
| ) | |
| DAVID BERGH, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff Terrill A. Bird #397960, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden David Bergh, Resident Unit Officer Unknown Bonevelle, Sergeant Unknown Tenuta, Resident Unit Officer Unknown Pelkola, and Sergeant Unknown Nowacki. Plaintiff alleges in his complaint that on July 1, 2007, he was the recipient of thrown feces by another prisoner while in the shower. Plaintiff states that Defendant Tenuta turned the water off before he could finish rinsing the "magic shave" and feces from his hair. Plaintiff saw the cuffs on the floor in the feces and attempted to clean them, then he threw them to Defendant Tenuta. After Defendant Tenuta picked the keys up from the floor, he stated that it was "time to taste the pepper spray." Plaintiff was subsequently ordered to the back of the cell and was so frightened that he urinated on himself.

Plaintiff states that Defendants sprayed prisoner Aguilera, who was his assailant and was in the shower stall next to Plaintiff, with pepper spray and gas. The gas also affected Plaintiff as he was left in the area for a few minutes choking for air. Plaintiff claims that he hit his right ear on the wall, causing it to bleed. Plaintiff states that he received no treatment for the chemical gas and that he suffers from hearing loss since the incident. Plaintiff seeks damages and equitable relief.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment prohibits cruel and unusual punishment, and limits the power of the states to punish those convicted of a crime. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley v. Albers*, 475 U.S. 312 (1986), should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Id.* (citing *Whitley*, 475 U.S. at 321). Under this standard, even deadly force may be constitutionally appropriate under certain circumstances. *Gravely v. Madden*, 142 F.3d 345, 348 (6th Cir. 1998).

The analysis of the degree of force used must be made in the context of the constant admonitions by the Supreme Court that courts must accord deference to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*,

*Whitley*, 475 U.S. at 321-22. Plaintiff alleges that Defendants violated his rights by applying a chemical agent in his vicinity despite the fact that he was the victim of the assault. Plaintiff appears to be claiming that he should have been removed from the area prior to the use of chemical spray. However, such allegations support of finding of negligence, rather than deliberate indifference. Moreover, Plaintiff's alleged injuries, which include temporary pain, coughing, dizziness, and mental distress, appear to be no more than the normal aftereffects of being exposed to gas and/or chemical agents. In addition, Plaintiff's medial records, which are attached to his complaint, fail to support his assertion that he suffered an injury to his right ear. Accordingly, the court concludes that Plaintiff's allegations do not rise to the level of an Eighth Amendment violation.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:      1/9/09                    /s/ R. Allan Edgar
                                      R. ALLAN EDGAR
                                      UNITED STATES DISTRICT JUDGE